## JOHN H. THREADGILL v. THE CAROLINA CENTRAL RAIL-WAY COMPANY.

A Clerk who held over from the day of a general election, to wit, the first Thursday in August, until the first Monday in the ensuing September, when his successor was installed, was at least Clerk *de facto;* and his acts cannot be collaterally impeached, and are valid as between third parties.

(The cases of *Gilliam* v. *Riddick*, 4 Ired. 368, and *Norfleet* v. *Staton*, decided at this term, cited and approved.)

MOTION, in the nature of a plea in abatement to quash the summons, heard before *Buxton, J.,* at Spring Term, 1875, ANSON Superior Court.

The ground upon which the motion was based is, that Jas. H. Covington, who, through his deputy, issued the summons on the 27th day of August, 1874, was not on that day Clerk of the Superior Court, his term of office as Clerk having expired on the day of the last general election, the 6th day of August, 1874, at which election the present incumbent, John C. McLauchlin, was elected, who, on the first Monday in September following, qualified before the Board of Commissioners.

Covington was elected in April, 1868, and continued to act as Clerk until his successor qualified as such.

The summons was issued by Covington after McLauchlin was elected, but before he qualified as Clerk.

Upon the hearing, his Honor refused the motion, and required the defendants to answer.

From this ruling the defendants appealed.

*Battle & Son* and *Strange*, for appellant.
*Dargan, Pemberton* and *Busbee & Busbee*, contra.

RODMAN, J.   The summons in this case was issued on the 27th August, by the deputy of one who had been the Clerk

of the Superior Court up to the election, which had taken place on the first Thursday in that month, at which a successor was elected. The successor, however, had not qualified at the date of the summons, and did not do so until the first Monday of the following September, and in the meanwhile the old Clerk continued in possession of the records, and to perform all duties of the office.

The defendant moved to quash the summons, as issued without authority. His Honor refused the motion, and the defendant appealed. We concur with his Honor. It is unnecessary to inquire whether the old Clerk rightfully held over until the qualification of his successor or not. That question can scarcely be presented except in a case where the old Clerk refuses to perform the duties of the office after the elevation of his successor, and is sued separately, or on his bond for such refusal, or for a malfeasance, or in an action by such Clerk to recover his fees. We express no opinion on that question. We conceive it to be clear, that under the circumstances of this case, the old Clerk was at least Clerk *de facto*, and his acts cannot be collaterally impeached, and are valid as between third parties. All or most of the authorities, bearing on this question of who is a *de facto* officer, and the effect of his acts may be found in the case of *Norfleet* v. *Staten*, decided at this term. Among these, the case of *Gilliam* v. *Riddick*, 4 Ire., 368, seems to cover the present question.

Judgment affirmed. Let this opinion be certified.

PER CURIAM.                                    Judgment affirmed.